**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTHONY P. BARNETT,
    Appellant,

   v.

DEPARTMENT OF THE ARMY,
    Agency.

DOCKET NUMBER
DA-0752-17-0277-I-1

DATE: June 20, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Megan Zeller, Esquire, and Stephanie Bernstein, Esquire, Dallas, Texas,
 for the appellant.

Kristina Letcher, JBSA Fort Sam Houston, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2       The agency employed the appellant as a Materials Handler. Initial Appeal File (IAF), Tab 8 at 26. The work of a Materials Handler involves "heavy lifting," and the agency requires a preemployment physical to establish that an individual can satisfy this condition of employment. *Id.* at 44-49. Specifically, the appellant was responsible for loading and unloading food and nonfood items from trucks, using hand carts and mechanized conveyances, and stocking and straightening items in the warehouse. *Id.* at 45-46.

¶3       In September 2016, the appellant provided the agency with medical documentation from his primary care physician, which showed that his ability to perform his duties was subject to medical restrictions. IAF, Tab 8 at 50. To assess the appellant's ability to perform his duties, the agency sent him to consult with its Occupational Health Physician, who reviewed the medical documentation provided by the appellant and concluded that the appellant could not perform the regular duties of a Materials Handler. *Id.* at 51. Based on the physician's documentation, the agency proposed to remove the appellant because his documented medical conditions were incompatible with either useful service or

retention in the Materials Handler position. *Id.* at 39-40. In his response to the agency's proposed removal, the appellant acknowledged that he "cannot continue in his current position" based upon his medical limitations. IAF, Tab 1. The agency offered the appellant reassignment to a position compatible with his restrictions—a Medical Records Technician position, IAF, Tab 10 at 133-34; however, he declined the reassignment, and the deciding official sustained the removal, IAF, Tab 1 at 58, 67.

¶4     The appellant appealed the agency's action, alleging that he can perform the duties of his position and that the removal action constituted race and disability discrimination and retaliation for whistleblowing. IAF, Tabs 1, 32. Although the appellant initially requested a hearing, IAF, Tab 1, he subsequently requested a decision on the written record, IAF, Tab 36. The administrative judge issued an initial decision finding that the agency established that the appellant was unable to perform the duties of his Materials Handler position. IAF, Tab 44, Initial Decision (ID) at 4-6. He found that affidavits from coworkers who observed the appellant performing the Materials Handler job duties do not provide a basis to reverse the agency's action because an agency is not required to allow an employee to work outside his medical restrictions, even if it has done so in the past. *Id.* The administrative judge also found that the appellant failed to prove that the agency's action was based upon his race, his alleged disability, and retaliation for whistleblowing disclosures or activities. ID at 6-12. He therefore sustained the appellant's removal.

¶5     In his petition for review, the appellant contends that the attorneys that he hired to represent him failed to timely submit recordings between him and agency officials and that they urged him to request a decision based on the written record. Petition for Review (PFR) File, Tab 1 at 2-3.[2] The appellant also asserts

---

[2] The appellant does not disagree with the administrative judge's findings regarding the agency's charge and the appellant's claim of retaliation for whistleblowing. Because we find no error in these findings, we need not address them.

that, prior to hiring counsel, he submitted a number of documents to the administrative judge.  PFR File, Tab 1 at 2.  The agency has not responded to the petition.

## ANALYSIS

¶6		Generally, the appellant is responsible for the errors of his chosen representative.  *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).  Although the Board will not apply this principle when an appellant proves that his diligent efforts to prosecute his appeal were, without his knowledge, thwarted by his representative's negligence or malfeasance, this limited exception does not apply under the circumstances here.  *See Crawford v. Department of State*, 60 M.S.P.R. 441, 445-46 (1994).  Specifically, the record does not reflect that the appellant diligently prosecuted his appeal or that his representatives demonstrated the negligence or malfeasance required under *Crawford*.  Nor is the appellant asserting that his attorney lacked the authority to request a decision on the written record.

¶7		Additionally, the appellant's claim of inadequate representation because his attorneys did not timely submit recordings that the appellant made of discussions that he had with agency managers does not constitute a basis for reversal of the initial decision.  The appellant attempted to submit a copy of the recordings after the administrative judge rejected them as untimely filed.  IAF, Tab 41.  The administrative judge afforded the appellant the opportunity to explain the relevance of the recordings.  *Id.*  Based on the explanation provided by the appellant, the administrative judge found that most, if not all, of these conversations are irrelevant and would likely be excluded from evidence on that basis.  *Id.*

¶8		As previously noted, the appellant asserts that, prior to hiring counsel, he submitted a number of documents to the administrative judge.  To the extent that the appellant is asserting that the submissions that he made before hiring counsel

were not considered by the administrative judge, his assertion is unavailing. The administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In sum, we find that the appellant failed to establish that he should not be held accountable for any errors that his representative may have committed. *See Sofio*, 7 M.S.P.R. at 670.

¶9    Finally, the appellant claimed below that his removal constituted race discrimination and disparate treatment disability discrimination. The administrative judge found that the appellant failed to show that his race was a motivating factor in the agency's decision to remove him, and the appellant does not challenge that finding on review. ID at 7-9. We thus need not reach the question as to whether race discrimination was a "but-for" cause of the removal. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 22, 40, 42.

¶10    The same standards of proof set forth above regarding the appellant's race discrimination claim apply to his disparate treatment disability discrimination claim. *Pridgen*, 2022 MSPB 31, ¶¶ 40, 42. However, only an otherwise qualified individual with a disability is entitled to relief for a claim of status-based disability discrimination. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 29. The administrative judge here found that the appellant failed to prove that he was a qualified individual with a disability, and the appellant does not challenge this finding on review. ID at 10-12. We agree with the administrative judge's analysis and conclusion that the appellant failed to meet this threshold requirement of showing that he is a qualified individual with a disability and find that the appellant failed to prove his status-based disability discrimination claim.

¶11    We therefore affirm the initial decision.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.